UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AMANDA F. FULKS,

    Plaintiff,

v.                                        Case No: 5:23-cv-637-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Consent Petition for Attorney's Fees. (Doc. 19). Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), Plaintiff requests an award of attorney's fees in the amount of $7,490.65. (Doc. 19). Further, pursuant to the EAJA, Plaintiff seeks $402.00 in costs for the filing fee in this action, paid separately from the attorney's fees. *Id.* The attached schedules of hours confirm the attorney hours. (Doc. 19-1). Further, the receipt accompanying the complaint confirms that Plaintiff paid a $402.00 filing fee. (Doc. 1). Plaintiff represents that the Commissioner has no objection to her petition to the extent that the total attorney's fees sought is $7,490.65, rather than $7,540.32.

Plaintiff asserts that she is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified and that her net worth at the time proceeding was filed was less than two million dollars.[1] On February

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

22, 2024, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 17). The next day, the Clerk entered Judgment. (Doc. 18). On March 18, 2024, Plaintiff filed her petition for attorney's fees. (Doc. 19).

Plaintiff attached a copy of the fee agreement (Doc. 19-2), which includes Plaintiff's assignment of EAJA fees to her counsel. In light of the assignment, Plaintiff requests (and Defendant agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. § 2412(d)), Plaintiff's petition for attorney's fees (Doc. 19) is hereby **GRANTED**. Plaintiff is awarded costs in the amount of **$402.00** and attorney's fees in the amount of **$7,490.65.** Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

**DONE** and **ORDERED** in Ocala, Florida on March 28, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties